# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BILLY DEE WILLIAMS,<br><br>    Defendant. | No. CR02-1014-LRR<br><br>**FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

    This matter is before the court pursuant to its March 24, 2008 order. In such order, the court, among other things, discussed Amendment 706, as amended by Amendment 711, to USSG §2D1.1 and stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. The maximum reduction, which includes a thirty percent reduction under USSG §5K1.1, results in a new term of . . . 84 months imprisonment on count 4 of the superseding indictment.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

    On April 7, 2008, the defendant submitted a letter in response to the court's vacated order dated March 19, 2008 and preliminary order dated March 24, 2008. In such letter, the defendant asks the court to reduce his sentence to 68 months rather than 84 months. The defendant essentially requests the court to rely on its vacated order and not its

preliminary order.  It is clear from the defendant's response that he does not believe the court is adequately reducing his sentence under USSG §5K1.1.  Aside from raising such request or concern, the defendant never requested appointment of counsel or a hearing to address specific issues.  With respect to the request that the defendant made in his letter, the court declines to rely on its vacated order.  In its preliminary order, the court explained that it could not rely on a thirty percent reduced range of 68 to 85 months imprisonment because such range did not account for the statutory mandatory minimum sentence of 120 months imprisonment.  *See* USSG § 1B1.10(b)(1) (directing courts to substitute only the amendment for the corresponding guideline provision and to leave all other guideline application decisions unaffected).  Further, the defendant mistakenly believes that credit or consideration is not being given for his cooperation and substantial assistance.  The court did rely on USSG §5K1.1 to reduce by thirty percent the amended guideline range.  *See* USSG §1B1.10, comment. (n.3) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate.").  To the extent that the defendant intended his letter to be an objection, the court overrules it.

Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment.  The defendant's previously imposed 85 month term of imprisonment, as reflected in the judgment dated May 8, 2003, is reduced to 84 months imprisonment.[1]  The defendant's new term of imprisonment of 84 months applies to count

---

[1] For purposes of the March 24, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 31 | Amended Offense Level: | 29 |
|---|---|---|---|
| Criminal History Category: | II | Criminal History Category: | II |
| Previous Guideline Range: | 121 to 151 months | Amended Guideline Range: | 120 to 121 months |

The court previously imposed a term of imprisonment below the guideline range applicable
(continued…)

4 of the superseding indictment. Except as provided above, all provisions of the judgment dated May 8, 2003 remain in effect. As previously stated in the March 24, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 08780-029.

**IT IS SO ORDERED**.

**DATED** this 21st day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
to the defendant at the time of sentencing as a result of a departure under USSG §5K1.1, and the reduced sentence of 84 months imprisonment on count 4 of the superseding indictment is comparably less than the amended guideline range.